**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:04-cr-302** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JAMES BLYSTONE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending before the Court is DEFENDANT'S MOTION TO RECONSIDER ORDER

DATED SEPTEMBER 1, 2009 (Document No. 65).  The government has not filed a response.

In August 2009, Blystone filed a motion for contact visits with his six-year-old daughter.

The government filed a response, in which it noted that Blystone was in custody at the Allegheny

County Jail on state charges and that he had not yet appeared in this Court or been taken into

federal custody.  The government contended that this Court did not yet have jurisdiction to enter

the requested relief and suggested that Blystone file his motion for contact visits in the Court of

Common Pleas of Allegheny County.  On September 1, 2009, the Court agreed with the

government and denied Blystone's motion without prejudice.

In the pending motion, defense counsel points out that a federal warrant for Blystone's

arrest is lodged as a detainer at the Allegheny County Jail, in connection with the filing of a

petition for revocation of supervised release in Criminal Action No. 04-302.  Defense counsel

contends that, due to this arrest warrant/detainer, Blystone is in joint custody, such that the

motion for a contact visit may properly be granted by this Court.

Motions for reconsideration are not designed to give disappointed litigants a "second bite

at the apple."  Generally speaking, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).  Presumably, defense counsel seeks reconsideration on the basis that the Court committed a clear error of law.  Neither party has cited to any legal authority.

The terms "detainer" and "custody" are not synonymous.  A "detainer" is "a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking ... either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent." *Carchman v. Nash*, 473 U.S. 716, 719 (1985).  "Custody" refers to the immediate charge, care and control over a person.  Briefly summarized, the filing of a federal detainer operates as a request for federal authorities to assume custody over a prisoner after state custody is relinquished.  In *Tremarco v. United States*, 412 F. Supp. 550 (D.N.J. 1976), the Court explained:

> [T]here is nothing about a federal sentence consecutive to a state sentence, or about a federal detainer, which has any legal effect whatever on the decision of state authorities to place a state prisoner in one or another state program. While he is in state custody, whether physically within a prison or in its extended limits under a program, the federal authorities have no voice or interest in the matter. Their only interest is to be notified of the eventual release date so that a deputy may be sent to take the prisoner into federal custody.

The Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2,  governs the disposition of charges against a person in multiple jurisdictions.  Pennsylvania and the United States are parties to the IAD.  As relevant to this case, IAD Article V(g) states that for all purposes other than transfers of temporary custody for trial, "the prisoner shall be deemed to

2

remain in the custody of and subject to the jurisdiction of the sending State."

Applying these principles to the present situation, it is clear that Blystone remains in the custody of Pennsylvania.  The mere lodging of a detainer does not bring him within federal custody.  As empathetic as the Court may be to Blystone's plight, a motion for a contact visit is not a purpose for which the IAD deems Blystone to be in the custody of the United States. Therefore, the motion must be presented to the Court of Common Pleas of Allegheny County, Pennsylvania.  The Court adheres to its prior decision.

In accordance with the foregoing, DEFENDANT'S MOTION TO RECONSIDER ORDER DATED SEPTEMBER 1, 2009 (Document No. 65) is **DENIED**.

SO ORDERED this 13th day of January, 2010.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Thomas Livingston, AFPD
        Email: Thomas_Livingston@fd.org

        Constance M. Bowden, AUSA
        Email: constance.bowden@usdoj.gov